IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

WORLD FUEL SERVICES, INC.,

    Plaintiff,

v.

                                      Case No. 1:20-cv-23670-XXXX

ABC AEROLÍNEAS, S.A. DE C.V. d/b/a
INTERJET,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, World Fuel Services, Inc. (the "Plaintiff" or "World Fuel"), by and through its undersigned counsel, hereby files this Complaint against Defendant, ABC Aerolíneas, S.A. de C.V. d/b/a Interjet (the "Defendant" or "Interjet"), and respectfully alleges as follows:

### NATURE OF THE ACTION

1. By this action, Plaintiff seeks money damages against Defendant based upon an action for breach of contract, account stated, or unjust enrichment.

### THE PARTIES

2. Plaintiff, World Fuel, is a Texas corporation that is in the business of providing fuel and related services to commercial and industrial customers, principally in the aviation, marine and land transportation industries. World Fuel's headquarters are located in Miami, Florida.

3. Defendant, Interjet, is a "sociedad anonima de capital variable" organized under the laws of Mexico. Defendant operates an airline that is headquartered in Mexico City, Mexico, and operates scheduled flights to and from various destinations within Mexico, as well as to and from the Caribbean, Central America, North America, and South America.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this action under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

5. Personal jurisdiction over Defendant is proper because Defendant has voluntarily submitted to the personal jurisdiction of this Court, as more particularly set forth below, and because Defendant is subject to personal jurisdiction in Florida under Section 48.193(1)(a) and (2) of the Florida Statutes.

6. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims at issue in this proceeding occurred in this judicial district.

**FACTUAL ALLEGATIONS**

A. **Defendant's Liability under the Fuel Sales Agreement**

7. World Fuel and Interjet are parties to that certain *World Fuel Services Aviation Group of Companies Fuel Sales Agreement*, dated as of May 26, 2012, together with various annexes thereto (collectively, the "Fuel Sales Agreement" or "Agreement"), pursuant to which World Fuel (as "Seller"), provided fuel and related services to Interjet (as "Buyer") at various locations in the Western Hemisphere.

8. Pursuant to the terms of the Fuel Sales Agreement, World Fuel agreed to sell and deliver fuel to Interjet, and Interjet agreed to receive and pay for such fuel in accordance with the terms of the Fuel Sales Agreement and its incorporated General Terms and Conditions.

9. From January 1, 2020 through June 23, 2020, World Fuel made more than 3,771 fuel deliveries to Interjet under the Fuel Sales Agreement, for which it issued more than 3,863 separate invoices to Interjet (each, an "Invoice" and, collectively, the "Invoices"), each one of

which was payable on 12-day terms in accordance with the terms of the Agreement and Section 8.1 of the General Terms and Conditions thereto.

10. At present, Interjet owes World Fuel $10,366,504.26 in outstanding obligations under the Invoices, which amounts are past due and exclusive of default interest, which is continuing to accrue on the foregoing debt at a rate of 3% per annum above the US Prime Rate under the terms of the Agreement (together, the "Outstanding Debt").

11. Interjet's failure to pay the Outstanding Debt constitutes a material breach of the Agreement under Section 18.3(a) of the General Terms and Conditions, for which World Fuel terminated the Fuel Sales Agreement with immediate effect on June 23, 2020.

12. Pursuant to Section 24 of the General Terms and Conditions, World Fuel and Interjet have agreed that the Fuel Sales Agreement "shall be considered as having been entered into in the State of Florida, United States of America," and Interjet has irrevocably submitted to the non-exclusive jurisdiction of this Court for the litigation of matters relating to or arising out of the Fuel Sales Agreement.

13. All conditions precedent to the filing of this action have occurred, been performed, waived, or excused.

14. World Fuel has been obligated to incur reasonable attorneys' fees in order to enforce its rights against Interjet, as more specifically set forth herein.

**COUNT I – BREACH OF CONTRACT**

15. World Fuel restates the allegations in paragraphs 1 through 14 of this Complaint as if set forth fully herein.

16. The Fuel Sales Agreement is a valid contract between World Fuel and Interjet.

17. Pursuant to the terms of the Fuel Sales Agreement, Interjet is required to pay the full amount of the Outstanding Debt to World Fuel, which is past due.

18. Interjet has materially breached the Fuel Sales Agreement by failing to pay the full amount of the Outstanding Debt when due.

19. World Fuel has suffered damages as a result of the foregoing breach.

20. As of August 28, 2020, World Fuel is owed an unpaid balance of $10,366,504.26 under the Fuel Sales Agreement, which amount is continuing to accrue interest at a rate of 3% per annum above the US Prime Rate under the terms of the Agreement.

WHEREFORE, World Fuel demands judgment for damages against Interjet for all amounts owed under the Fuel Sales Agreement, plus accrued and accruing pre- and post-judgment interest, fees, costs, attorneys' fees, and for all such other and further relief as the Court deems just and proper.

## COUNT II – ACCOUNT STATED

21. World Fuel restates the allegations in paragraphs 1 through 14 of this Complaint as if set forth fully herein.

22. This is an action in the alternative to the relief requested in Count I, above.

23. Substantially contemporaneously with the provision of fuel to Interjet, Plaintiff submitted each of the Invoices to Interjet, which set forth the balance owed to World Fuel for the specific fuel delivered.

24. Interjet received and retained the delivered fuel and the aforementioned Invoices without objection.

25. Interjet expressly acknowledged the correctness of the balance owed for the fuel provided by World Fuel, as reflected on the Invoices, or impliedly acknowledged the correctness

of the balance owed for such fuel, which was routinely provided to Interjet as reflected on the Invoices, and not objected to.

26. World Fuel has stated an account against Interjet for an amount not less than $10,366,504.26, plus interest at a rate of 3% per annum above the US Prime Rate for late payments, or the maximum allowed by law.

WHEREFORE, World Fuel demands judgment for damages against Interjet for all amounts owed under the Invoices, plus accrued and accruing pre- and post-judgment interest, fees, costs, attorneys' fees, and for all such other and further relief as the Court deems just and proper.

## COUNT III – UNJUST ENRICHMENT

27. World Fuel re-alleges the allegations in paragraphs 1 through 14 of this Complaint as if set forth fully herein.

28. This is an action in the alternative to the relief requested in Counts I and II, above.

29. World Fuel provided Interjet with fuel in the amounts more specifically set forth in the Invoices, which has a value of no less than the Outstanding Debt.

30. As a result of the foregoing, World Fuel conferred a benefit to Interjet.

31. Interjet had knowledge of and actively solicited World Fuel's transfer of the fuel through, among other things, the execution of the Fuel Services Agreement and Interjet's numerous requests for, and acceptance of, the provision of fuel thereafter.

32. Interjet accepted and retained the benefit of the foregoing transferred fuel.

33. It would be inequitable for Interjet to retain the benefit of the transferred fuel without repaying the value thereof.

WHEREFORE, World Fuel demands judgment against Interjet for the fuel transferred in an amount to be determined at trial but in no event less than $10,366,504.26, plus accrued and

5

accruing pre- and post- judgment interest, fees, costs, attorneys' fees, and for all such other and further relief as the Court deems just and proper.

Dated: September 2, 2020

Respectfully Submitted,

/s/ *Fernando J. Menendez*
Edward H. Davis, Jr.
Florida Bar No. 704539
Fernando J. Menendez, Jr.
Florida Bar No. 0018167
SEQUOR LAW
1111 Brickell Avenue, Suite 1250
Miami, FL 33131
Telephone: (305) 372-8282
Fax: (305) 372-8202
Email: edavis@sequorlaw.com
           fmenendez@sequorlaw.com

*Attorneys for World Fuel Services, Inc.*